IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHILIP A. WHARTON, JOSEPH : 
ROUNDTREE, JAMES MADDOX :
and LAMAR CORREA, :
 :
      Plaintiffs, :
 :
v. : C.A. No. 12-1240-LPS
 :
CARL C. DANBERG, CATHY :
ESCHERICH and REBECCA :
MCBRIDE, :
 :
      Defendants. :

## MEMORANDUM ORDER

Pending before the Court are Joseph M. Walls's motion to intervene and motion for partial summary judgment. (D.I. 8, 36) For the reasons below, the motions are DENIED.

1.     On October 1, 2012, Plaintiffs Philip A. Wharton, Joseph Roundtree, James Maddox, and Lamar Correa (collectively, the "Plaintiffs") filed suit against Defendants Carl C. Danberg, Cathy Escherich, and Rebecca McBride (collectively, the "Defendants") alleging violations of Plaintiffs' rights under the Fourth, Fifth, and Eighth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. (*See* D.I. 1 at ¶ 1) Defendants filed an answer to the Complaint on November 20, 2012. (D.I. 6) On December 4, 2012, Joseph M. Walls, an inmate currently housed at the James T. Vaughn Correctional Center, filed a motion to intervene.[1] (D.I. 8) On August 15, 2013, Mr. Walls filed a motion for partial summary judgment

---

[1] Mr. Walls's motion is made pursuant to "Civil Rule 24(a)(2)(b)(2)." (D.I. 8 at 1) The Court assumes Mr. Walls seeks to intervene pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b)(1)(B).

1

on issues relating to the start date of his sentence and calculation of good time credits. (D.I. 36)

2. Under Rule 24(a)(2), a person is entitled to intervene if: (1) the application for intervention is timely, (2) the applicant has a sufficient interest in the litigation, (3) the interest may be affected or impaired, as a practical matter by the disposition of the action, and (4) the interest is not adequately represented by an existing party in the litigation. *See Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). Rule 24(b)(1)(B) also provides for permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is "highly discretionary." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also United States v. Territory of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014).

3. In response to Mr. Walls's motion, Defendants suggest Mr. Walls is not a member of the potential class being represented by Plaintiffs' counsel and, thus, fails to satisfy the second and third prongs of Rule 24(a)(2).[2] Plaintiffs contend the class has not yet been defined and the Court need not reach that issue to resolve the pending motion to intervene, given that Mr. Walls has no right to intervene if his interests are being adequately represented by the parties. The Court agrees with Plaintiffs. Mr. Walls fails to demonstrate how his interests will not be adequately represented by counsel if he is eventually found to be a class member. Therefore,

---

[2]In Defendants' view, Plaintiffs' § 1983 claims concern: (i) Defendants' alleged practice of "over-detaining" inmates, and (ii) Defendants' allegedly deliberate indifference to the effect of overdetention on the rights of inmates. (D.I. 19 at 1) By contrast, Mr. Walls's complaints with the Department of Corrections involve merit time or good time credits and conditional release.

having failed to satisfy the fourth prong of the relevant test, Mr. Walls is not entitled to intervention of right under Rule 24(a)(2).

4. The Court declines to allow permissive intervention under Rule 24(b)(1)(B) as well. There appears to be substantial disagreement among the parties in this suit as to whether Mr. Walls's motion, which is concerned with merit time, good time credit, parole date, and conditional release, involves some of the same issues as those underlying this § 1983 action or whether his issues are entirely distinct and properly characterized as a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Given this dispute, the Court finds permissive intervention risks unduly delaying or prejudicing the adjudication of the original parties' rights. Further, because Mr. Walls has made no showing that his interests will not be adequately represented by the parties, the Court finds the need to permit Mr. Walls to intervene under Rule 24(b)(1)(B) is weakened. *See United States v. Territory of Virgin Islands*, 748 F.3d 514, 525 (3d Cir. 2014) (finding no abuse of discretion where existing prejudice was "further compounded by the fact that Gillette's intervention is unnecessary due to the United States' adequate representation in the ongoing litigation").

5. Because Mr. Walls is not a party to this suit and the Court denies his motion to intervene, the Court will deny his motion for partial summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

A. Mr. Walls's Motion to Intervene (D.I. 8) is DENIED.

B. Mr. Walls's Motion for Partial Summary Judgment (D.I. 36) is DENIED.

C. Plaintiff's Motion for Leave to Amend (D.I. 49), on which Defendants take no position (D.I. 49-1), is GRANTED. Plaintiff shall file its Amended Complaint no

3

later than October 6, 2014.

D. The parties shall file a joint status report no later than October 6, 2014.

Wilmington, Delaware
September 29, 2014

                                                      UNITED STATES DISTRICT JUDGE