IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILIP A. WHARTON, JOSEPH ROUNDTREE, JAMES MADDOX, and LAMAR CORREA, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 12-1240-LPS |
| ROBERT COUPE, CARL C. DANBERG, and REBECCA MCBRIDE, | : : : : : | |
| Defendants. | : | |

MEMORANDUM ORDER

At Wilmington this **21st** day of **March, 2016**:

Pending before the Court is Plaintiffs Philip A. Wharton, Joseph Roundtree, James Maddox, and Lamar Correa's ("Plaintiffs") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.I. 94) ("Motion") For the reasons below, the Motion is **DENIED**.

1. Plaintiffs are individuals who spent time in the custody of the Delaware Department of Correction ("DDOC"). (*See* D.I. 90 at 1) Defendants are current or former officials at the DDOC. (*Id.* at 2) Plaintiffs accused Defendants of violating Plaintiffs' constitutional rights by way of Defendants' "deliberate indifference to the effect of the DDOC practice of over-detention on the rights of inmates." (*Id.* at 1-2) Plaintiffs moved for certification of a class of current and former inmates alleged to have been over-detained. (*Id.* at 2) Defendants moved for summary judgment as to all claims. (*See generally* D.I. 74, 75, 81) The Court granted summary judgment in favor of

1

Defendants as to all claims[1] and denied Plaintiffs' motion for class certification. (*See generally* D.I. 90)

2. "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used to reargue issues that the Court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

3. Plaintiffs have wholly failed to address the legal standard of Rule 59 and have pointed to no change in controlling law, new evidence, error of law or fact, or manifest injustice that would support their Motion. "The scope of a motion for reconsideration . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Because Plaintiffs' Motion appears to be an attempt to rehash arguments already made at summary judgment, in light of the same record that existed at summary judgment, Plaintiffs' Motion is denied.

_____
HON. LEONARD P. STARK
U.S. DISTRICT COURT JUDGE

---

[1] In a status report, Plaintiffs stated their belief that "requests for injunctive relief were not addressed" by the Court's summary judgment Order. This is incorrect. As noted by Defendants (*see* D.I. 96 at 1 n.1), the Court rejected all of Plaintiffs' claims, including those for injunctive relief, against Defendants Rebecca McBride and Robert Coupe, the only Defendants still working at the DDOC. (*See* D.I. 90 at 15-16) (noting lack of evidence of McBride's deliberate indifference and lack of evidence against Coupe)